UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FORT LEE OFFICE LLC and MEYER CHETRIT,<br>Plaintiffs,<br>-v.-<br>COMPUTERSHARE TRUST COMPANY, NATIONAL ASSOCIATION, *as Trustee for the benefit of the registered holders of BBCMS Mortgage Trust 2023-C19, Commercial Mortgage Pass-Through Certificates, Series 2023-C19*,<br>Defendant. | 24 Civ. 9979 (KPF)<br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court presumes familiarity with the underlying facts and procedural history of this case, and incorporates by reference its prior decision of September 29, 2025. *Fort Lee Off. LLC* v. *Computershare Tr. Co., Nat'l Ass'n*, No. 24 Civ. 9979 (KPF), 2025 WL 2772814 (S.D.N.Y. Sept. 29, 2025). In broad summary, Defendant Computershare Trust Company, N.A. ( "Lender") brought a foreclosure action (the "Foreclosure Action") in May 2024 against Plaintiffs Fort Lee Office LLC ("Borrower") and Meyer Chetrit ( "Guarantor") in New Jersey Superior Court, Bergen County. *See Computershare Tr. Co., N.A.* v. *Fort Lee Off., LLC*, No. SWC-F-5623-2024 (N.J. Super. Ct. Ch. Div. 2024). Plaintiffs responded by filing the instant action in New York State Supreme Court, New York County, which action Defendant then removed to this Court.

Defendant moved to dismiss the action under the abstention doctrine set forth in *Colorado River Water Conservation District* v. *United States*, 424 U.S. 800 (1976), citing the pending Foreclosure Action. This Court agreed, and

dismissed this action without prejudice in an Opinion and Order dated September 29, 2025. (Dkt. #21 ("MTD Opinion")). Defendant now moves, without opposition from Plaintiffs, to recover the attorneys' fees and costs incurred in defending against this action. For the reasons set forth in the remainder of this Order, Defendant's motion is granted in part.

**BACKGROUND**

The loan documents at the heart of the parties' dispute include a Loan Agreement that contains several fee-shifting provisions. (Dkt. #30-1 (Loan Agreement)). As relevant here, Section 5.1.14 of the Loan Agreement requires Borrower to pay "all costs of collection and defense, including reasonable attorneys' fees and expenses, and court costs, incurred by Lender" following initiation of a foreclosure action. (*Id.* § 5.1.14). Similarly, Section 10.13 requires Borrower to pay or reimburse Lender for "all costs and expenses (including reasonable attorneys' fees and disbursements) incurred by Lender and/or Agent" in connection with the enforcement of rights under the Loan Documents or Borrower's breach thereof." (*Id.* § 10.13). Both provisions were implicated by the instant litigation.

In the MTD Opinion, the Court acknowledged Defendant's intent to move for attorneys' fees and costs, and directed the parties to meet and confer on the issue in the hopes of staving off additional litigation. Those efforts did not bear fruit. Instead, on January 29, 2026, Defendant moved for $112,271.50 in attorneys' fees and $31,800.73 in costs incurred in defending against this action. (Dkt. #28 (Notice of Motion), 29 (Memorandum of Law in Support of

Defendant's Motion ("Def. Fees Br.")), 30 (Declaration of Sarah Fehm Stewart ("Stewart Decl."))). Defendant's motion is accompanied by information about the legal professionals involved in the matter, including their experience and hourly rates, as well as billing records concerning the time spent on the matter. Plaintiffs did not oppose the motion. (*See* Dkt. #31 (order stating that motion would be considered unopposed)).[1]

**APPLICABLE LAW**

Federal Rule of Civil Procedure 54(d) provides, in relevant part, as follows:

> (2) Attorney's Fees.
>
> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
>
> (i) be filed no later than 14 days after the entry of judgment;
>
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>
> (iii) state the amount sought or provide a fair estimate of it; and

---

[1] Defendant has advised the Court that the judge presiding over the Foreclosure Action has awarded Defendant $715,344.44 in attorneys' fees and costs that "may be raised and paid out of the Real Property and/or the Collateral located on the Real Property." (Dkt. #30-4). However, as of the date of Defendant's fee petition submissions, the property had not been sold. (Dkt. #29 at 5). Defendant has committed that "[t]o the extent funds are raised and paid out of the proceeds of a future foreclosure sale that are sufficient to cover, either in full or in part, a fee award in this action, Lender will credit, reduce and/or offset the fee award." (*Id.* at 11 n.5).

> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(A)-(B); *see also* Local Civil Rule 54.1(c)(7) (addressing claims for attorneys' fees).

"Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." *Metro Found. Contractors, Inc.* v. *Arch Ins. Co.*, 551 F. App'x 607, 610 (2d Cir. 2014) (summary order) (quoting *NetJets Aviation, Inc.* v. *LHC Comms., LLC*, 537 F.3d 168, 175 (2d Cir. 2008)); *see also Greenlight Capital, Inc.* v. *Fishback*, No. 24 Civ. 2299 (LTS), 2026 WL 2476046, at *1 (S.D.N.Y. Aug. 24, 2026) (collecting cases); *AT&T Enters., LLC* v. *Atos IT Sols. and Servs.*, No. 23 Civ. 1395 (LJL), 2026 WL 2225883, at *3 (S.D.N.Y. Aug. 3, 2026) (same).

In the Second Circuit, the "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n* v. *Cnty. of Albany*, 522 F.3d 182, 186 (2d Cir. 2008) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 433 (1983)). This yields a "presumptively reasonable fee" and is commonly referred to as the "lodestar." *Id.* at 183. The same principle has been applied to contractual awards of attorneys' fees under New York law. *See FCS Advisors, LLC* v. *Radiator Cafe, LLC*, No. 25 Civ. 5699 (JHR) (GWG), 2026 WL 2065793, at *6 (S.D.N.Y. July 17, 2026) (report and recommendation); *Lucy* v. *Lubov Fine Art LLC*, No. 24 Civ.

8592 (JHR) (GWG), 2025 WL 3637425, at *6 (S.D.N.Y. Dec. 16, 2025) (report and recommendation).

"To determine the reasonable hourly rate for each attorney, courts must look to the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Heng Chan* v. *Sung Yue Tung Corp.*, No. 03 Civ. 6048 (GEL), 2007 WL 1373118, at *2 (S.D.N.Y. May 8, 2007) (quoting *Gierlinger* v. *Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)). The Second Circuit's "forum rule" requires courts to "generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons* v. *N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted) (quoting *Arbor Hill,* 493 F.3d at 119). At bottom, "[t]he presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Id.* (quoting *Arbor Hill,* 493 F.3d at 112, 118).

When determining the reasonable number of hours, a court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Haley* v. *Pataki*, 106 F.3d 478, 484 (2d Cir. 1997) (internal quotation marks omitted) (quoting *Lunday* v. *City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) (per curiam)). In addition, the court should examine the hours expended by counsel with a view to the value of the work product to the client's case. *See Lunday*, 42 F.3d at 133-34. The court is to exclude "excessive, redundant or

otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Quaratino* v. *Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

In determining whether hours are excessive, "the critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Samms* v. *Abrams*, 198 F. Supp. 3d 311, 322 (S.D.N.Y. 2016) (quoting *Grant* v. *Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). Where "the billing records are voluminous, it is less important that judges attain exactitude, than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent." *Yea Kim* v. *167 Nail Plaza, Inc.*, No. 05 Civ. 8560 (GBD) (GWG), 2009 WL 77876, at *4 (S.D.N.Y. Jan. 12, 2009) (internal quotation marks omitted) (quoting *Alveranga* v. *Winston*, No. 04 Civ. 4356 (ARR) (CLP), 2007 WL 595069, at *5 (E.D.N.Y. Feb. 22, 2007)); *see also Fox* v. *Vice*, 563 U.S. 826, 838 (2011) (observing that "[t]he essential goal in shifting fees ... is to do rough justice, not to achieve auditing perfection"). A court retains the discretion to make across-the-board percentage reductions to exclude unreasonable hours, colloquially referred to as "trimming fat." *E.g.*, *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987); *accord McDonald ex rel. Prendergast* v. *Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006).

The burden is on the fee applicant — here, Defendant — to "document[ ] the appropriate hours expended and hourly rates." *Dancy* v. *McGinley*, 141 F.

Supp. 3d 231, 235 (S.D.N.Y. 2015) (internal quotation marks omitted) (quoting *Hensley*, 461 U.S. at 437). Requested fees "must be supported with contemporaneous time records establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done." *Abdell* v. *City of New York*, No. 05 Civ. 8453 (RJS), 2015 WL 898974, at *2 (S.D.N.Y. Mar. 2, 2015) (internal quotation marks omitted) (quoting *Sprint Commc'ns Co. L.P.* v. *Chang*, No. 13 Civ. 3846 (RA), 2014 WL 6611484, at *6 (S.D.N.Y. Nov. 21, 2014)). "[C]ounsel ... [are] not required to record in great detail how each minute of [their] time was expended," but "counsel should identify the general subject matter of [their] time expenditures." *Hensley*, 461 U.S. at 437 n.12.

**DISCUSSION**

Defendant seeks a total of $112,271.50 in attorneys' fees and $31,800.73 in litigation costs. (Def. Fees Br. 1, 5-6, 15; Stewart Decl. ¶¶ 15-23 & Ex. 5-15). As explained below, the Court will impose a 25% across-the-board, fat-trimming reduction to the attorneys' fees component and award Defendant $84,203.63 in attorneys' fees and $31,800.73 in costs.

Defendant's requested fees reflect the work performed by a group of legal professionals at Duane Morris LLP, including: (i) partner Sarah Fehm Stewart, billing at a rate of $725 per hour; (ii) partner Elinor Murarova, billing at a rate of $830 per hour, (iii) partner Paul E. Chronis, billing at a rate of $1,345 per hour; (iv) partner Meagen Leary, billing at a rate of $900 per hour; (v) partner Sommer L. Ross, billing at a rate of $675 per hour; (vi) partner James H.

Steigerwald, billing at a rate of $950 per hour; (vi) associate Ryan Spengler, billing at a rate of $525 per hour; and (vii) paralegal Beth Gruppo, billing at a rate of $535 per hour. (Stewart Decl., Ex. 5-15).

According to Ms. Stewart, "[t]he number of hours expended by Duane Morris LLP attorneys and support staff in connection with this action is 149." (Stewart Decl. ¶ 22). More particularly, she explains that

> These hours primarily consist of work regarding: (1) removal of this action from New York state court to this Court; (2) analysis of the interplay between this action and the State Court Action; (3) preparing for and appearing before this Court for a pre-motion hearing; (4) researching and drafting a comprehensive motion to dismiss on at least seven separate grounds; (5) analyzing Plaintiffs' opposition to the motion to dismiss; and (6) researching and drafting a thorough reply in further support of the motion to dismiss.

(*Id.* ¶ 23). Counsel has not submitted billing records for fees incurred in the preparation of the instant motion.

Employing the lodestar method, the Court finds that the individual hourly rates of the attorneys and the number of hours billed are reasonable, but that the resulting fee figure is less reasonable.[2] To begin, defense counsel's rates are reasonable in light of their positions, experience, and the prevailing rates in this District. Looking at the two attorneys who took the laboring oar in this matter, the Court observes that Ms. Stewart has fourteen years of

---

[2] Defendant did not submit information concerning paralegal Beth Gruppo, which makes it difficult for the Court to assess the reasonableness of her hourly rates. However, her stated rate of $535 strikes the Court as high, even for an experienced paralegal. *See, e.g.*, *Greenlight Cap. Inc.* v. *Fishback*, No. 24 Civ. 4832 (PAE), 2026 WL 1801182, at *7 (S.D.N.Y. June 23, 2026) (reducing proffered paralegal hourly rates in complex commercial litigation to $296 and $321) (collecting cases).

experience with complex commercial litigation, while Ms. Murarova has fifteen years. (Stewart Decl. ¶¶ 19-20 & Ex. 13-14). Prevailing rates in this District demonstrate that such counsel's respective hourly rates of $725 and $830 are reasonable. *See, e.g.*, *Carrington* v. *Graden*, No. 18 Civ. 4609 (KPF), 2020 WL 5758916, at *11-15 (S.D.N.Y. Sept. 28, 2020) (finding reasonable hourly rates of up to $900 for partners and up to $425 for associates) (collecting cases); *Regulatory Fundamentals Grp. LLC* v. *Governance Risk Mgmt. Compliance, LLC*, No. 13 Civ. 2493 (KBF), 2014 WL 4792082, at *2-3 (S.D.N.Y. Sept. 24, 2014) (collecting cases for the propositions that "district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour" and "rates for law firm associates in the range of $200 to $450 per hour"); *Union of Orthodox Jewish Congregations of Am.* v. *Royal Food Distribs. Liab. Co.*, 665 F. Supp. 2d 434, 437 (S.D.N.Y. 2009) (approving as reasonable rates of $735 per hour for a partner and $445 per hour for an associate). In addition, the Court understands that the rates sought are those actually billed to Defendant, which is a further confirmation of their reasonableness here. *See In re Stock Exchanges Options Trading Antitrust Litig.*, No. 99 Civ. 962 (RCC), 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006) ("Courts have found that the applicant attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of the market rate." (collecting cases)).

Likewise, defense counsel's hours billed are reasonable. Defendant seeks fees for 149 hours worked, which were spent removing Plaintiff's case from state court, addressing the interplay between the two cases, and then

preparing and litigating a successful motion to dismiss. (Stewart Decl. ¶ 22 & Ex. 6-12). The Court has reviewed the billing records, which do not show significant duplication of effort or wasted time. Moreover, Defendant has excluded the fees incurred in preparing this motion, to which it is arguably entitled. *Cf. Reed* v. *A.W. Lawrence & Co.*, 95 F.3d 1170, 1183-84 (2d Cir. 1996) (holding that time spent working on a fee application is compensable).

That being said, the Court believes that the proliferation of partners on the matter, and the correlative lack of associate billings, require a reduction to the fees figure sought because, even if efficient, the work was still unduly top-heavy. For this reason, the Court will impose an across-the-board reduction of 25% to the attorneys' fees component of Defendant's request. *Cf. Samsonite IP Holdings S.ar.l.* v. *Shenzhen Liangyiyou E-Com. Co.*, No. 19 Civ. 2564 (PGG) (VF), 2023 WL 8805645, at *2 (S.D.N.Y. Dec. 20, 2023) (adopting recommended reduction in fees of 60 percent, in part because of "the extremely top-heavy manner in which this case was staffed"); *McKenzie-Morris* v. *V.P. Recs. Retail Outlet, Inc.*, No. 22 Civ. 1138 (GHW), 2023 WL 4422495, at *4 (S.D.N.Y. July 10, 2023) ("In sum, a reduction in fees is warranted because the motion could have been effectively litigated using a less partner-heavy staffing model. The Court finds it appropriate to discount the fees sought by Defendant by 10% to compensate for the unnecessarily top-heavy staffing of this relatively straightforward motion practice."); *Doe 1* v. *E. Side Club, LLC*, No. 18 Civ. 11324 (KPF), 2023 WL 4174141, at *9 (S.D.N.Y. June 23, 2023) (reducing fee award in part because "the Court finds that some of that work should have

been performed by a more junior attorney"), *aff'd sub nom. Derek Smith L. Grp., PLLC* v. *E. Side Club, LLC*, No. 23-1015-cv, 2024 WL 1756106 (2d Cir. Apr. 24, 2024) (summary order).

That leaves the issue of litigation costs. Defense counsel seeks $31,800.73 in costs, comprising legal research, mailings to opposing counsel and the Court, printing costs, and PACER fees. (Stewart ¶ 24 & Ex. 5-12). The Second Circuit has made clear that "attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg* v. *Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citation omitted); *accord Fisher* v. *SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (collecting cases). Defendant has adequately substantiated the costs incurred in defending against Plaintiff's lawsuit, and the Court will therefore award the costs figure in full.

## CONCLUSION

For the reasons set forth above, the Court awards Defendant attorneys' fees in the amount of $84,203.63 and costs in the amount of $31,800.73, for a total award of $116,004.36. Such payment must be made by Plaintiffs within 30 days of this Opinion, unless the parties agree to a different schedule.

The Clerk of Court is directed to terminate the pending motion at docket entry 28.

SO ORDERED.

Dated: August 31, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge